WILLIAM SMITH

*v.*

DAVID H. BRAND & COMPANY.

[Filed October 13th, 1904.]

A firm carrying on business under the name of "Brand & Smith," the surnames of the partners, transferred its assets and good will to a corporation. The complainant, one of the partners, began a new and similar business.—*Held*, that he is not entitled to have the corporation enjoined from advertising its business under the name of "Brand & Smith," or as the "Successors of Brand & Smith," on the ground that the public may be deceived.

On bill for injunction.

*Mr. Edwin R. Walker,* for the complainant.

*Mr. William J. Walsh* and *Mr. Charles E. Bird,* for the defendant.

BERGEN, V. C.

The object sought by the complainant is the restraining of the defendant from using the name of "Brand & Smith" on its business signs and wagons, or in its other methods of advertising. The facts disclosed by the bill of complaint and answering affidavits are as follows: For many years previous to 1904, the complainant and David H. Brand were engaged in business as partners, trading under the firm name of "Brand & Smith;"

34

that on February 26th, 1904, the two partners and John H. Brand caused to be incorporated under the laws of the State of New Jersey, a company under the name of David H. Brand & Company; that on the same day, the complainant and the said David H. Brand, as such partners, sold and conveyed to the corporation then created, all of the stock in trade, *good will,* rights and credits of the said firm of Brand & Smith, and thereafter mutually dissolved and terminated the partnership theretofore conducted under that name; that on March 11th, 1904, the complainant sold his stock and interest in the corporation to the corporation, retaining to himself but a single share; that on the 1st day of September, he and his brother formed a copartnership under the firm name of William Smith & Brother, for the purpose of carrying on the clothing business, the corporation of David H. Brand & Company being engaged in a like business. The principal ground of complaint alleged by the complainant is, that the corporation advertise their business as "D. H. B. & Co., successors to Brand & Smith," and in such advertisement the words and letters "D. H. B. & Co., successors to," are printed in small letters, and the words "Brand & Smith" in large display type, so that in a casual reading, the small type is not likely to attract attention, thereby misleading the public to believe that the business is still being carried on by "Brand & Smith," and not by the new corporation; it being admitted that the old firm of Brand & Smith, by reason of liberal advertising, and a successfully conducted business, had obtained and enjoyed the public confidence to a large and profitable extent. The complainant insists that the defendant makes use of the name of "Brand & Smith" for the purpose of deceiving the public into the belief that the former partnership is still in existence, and that the complainant is connected with the business, to the injury of the complainant in his new enterprise under the name of William Smith & Brother. It thus appears that two men formed a copartnership and adopted as a firm name or trade mark a name made up of parts of the names of the respective partners; that this name became well known in the community where the business was being transacted, and enjoyed a popularity which

was of great advantage to the business; that the partners jointly transferred, for a valuable consideration, to a corporation owned and controlled by themselves, not only the business and stock of the partnership, but also, and in express terms, the good will of the firm; that the purchaser of the business and good will continues to advertise its business sometimes under the name of "Brand & Smith," and at other times as the "successor of Brand & Smith," doing so in such manner as to avoid, so far as possible, calling public attention to the matter of successorship. Under these circumstances, I fail to see any equitable ground upon which the interference of this court can be supported. The principle that the good will of a trade conducted by a firm is one of its assets and may be sold, and that the purchaser of the good will of a business acquires the right to use the old name and to prevent others from doing the like, is well settled. *Lind. Part. 445.*

In *Levy* v. *Walker, 10 Ch. Div. 436,* it appears that in proceedings taken to dissolve the partnership of Charbonel & Walker, the court decreed a sale of the assets of the firm, including its good will and business, and directed that after sale a proper deed of assignment should be executed by the non-purchaser or non-purchasers. At the sale, Miss Walker, one of the partners, became the purchaser, and in compliance with the terms of the decree the non-purchasing partner executed the deed of transfer to the purchaser by the terms of which she assigned, transferred and released all her right, share and interest in and to the business, "and the good will thereof." The purchaser continued to conduct the business under the name of "Charbonel & Walker," and the retiring partner having engaged in a similar business, using the name of "Charbonel," sought to restrain Miss Walker from using the name of the firm whose business and good will she had purchased. On appeal it was held, reversing the order of the vice-chancellor allowing the injunction, that the right to use the name of "Charbonel & Walker" was conveyed by the assignment of the good will of that firm, and that as between the vendor and purchaser of the good will, that right was the exclusive property of the purchaser, and that the trade name,

made up of parts of two real names, was the name of the business, and a name with which every article sold might be impressed. It seems to me that all of the elements upon which the determination of the court was based in the cause just referred to are present in the case we are considering. The trade name of "Brand & Smith" was a valuable asset of that firm; it was conveyed to the purchaser and present holder by this complainant and his partner, and the right to conduct the business under that name became the exclusive property of the purchaser, and certainly the complainant, having joined in the sale of the good will and received and appropriated the proceeds of a part of that sale, ought not now to be permitted to complain that the purchaser is using what he bought and paid for in the only way in which he can make such purchase available.

In *Snyder Manufacturing Co.* v. *Snyder, 81 L. R. A. 657,* a copartnership existed and the business was carried on under the firm name of "Snyder Manufacturing Co.;" this partnership was dissolved through the appointment of a receiver, who, by direction of the court, sold the assets and good will of the firm at auction; the purchaser was one of the partners, who thereafter organized a corporation with the name of "The Snyder Manufacturing Co.;" Snyder, one of the partners in the old firm, sought to enjoin the use of his name as a part of the title of the corporation which was continuing the old business. The court refused an injunction, saying, that it is well settled when a partner sells his interest in the business to a copartner without a reservation or exception of the good will, the purchaser is entitled, not only to continue the business in the name of the firm, and as its successor, but he may prevent the selling partner, or other person from carrying on business in that way, and that where the purchaser transfers the property so acquired by him to a corporation of which he is a member, organized to succeed to the business, it may carry on the business in the same manner under a corporate name, including the name which had been used by the firm, and that if it is desired to limit the right of the purchaser or his vendee in the use of the firm name, or exclude

such right altogether, it should be done by stipulation in the contract when the sale is made by the partners.

The complainant very strongly urges the proposition that the use of the name of "Brand & Smith," as used by the defendant, is calculated to deceive the public, and is likely to create confusion with reference to the identity of the two firms. I am not disposed to accord any persuasive power to this argument. The name of "Brand & Smith" is not calculated to mislead the public into a belief that it represents the business carried on under the name of "William Smith & Brother," nor that the business of the latter firm will be in any way affected by a confusion of names. In support of his argument, counsel for complainant has called the attention of the court to two cases in this state (*Van Horn* v. *Coogan, 52 N. J. Eq. (7 Dick.) 380,* and *Newark Coal Co.* v. *Spangler, 54 N. J. Eq. (9 Dick.) 354*), but neither of these cases establishes any principle contrary to the views I have expressed. In the first case the defendant offered for sale an article, adopting for descriptive purposes a name by which quite a different article was known in the trade, with the manifest intention of misleading the public into a belief that he, the defendant, was offering to sell an article which had obtained public approval. In other words, the defendant was endeavoring to put off his goods as the goods of a rival trader. No such condition exists here. It is not pretended that the defendant is endeavoring to sell its goods as the goods of the complainant. In the second of the cases last referred to, the only question involved was the right of the defendant to advertise himself as having been formerly connected with a rival business enterprise, and the effort to restrain the defendant, Spangler, from making such an announcement in the advertising of the business, did not meet the approval of this court. It seems to me to be very clear that the defendant in this cause has not exceeded its rights, and that the complainant is not entitled to the relief he seeks, and I will so advise.